UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PUSHEEN CORPORATION, an Illinois corporation, | |
|      Plaintiff, | Case No. 15-cv-07320 |
| v. | **JURY TRIAL DEMANDED** |
| MAKERWEAR, INC., a Delaware corporation; TARGET CORPORATION, a Minnesota corporation, | |
|      Defendants. | |

**PLAINTIFF PUSHEEN CORPORATION'S
COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Pusheen Corp. ("Pusheen") brings this action against MakerWear, Inc. ("Maker") and Target Corporation ("Target"), alleging copyright infringement and contributory copyright infringement. Defendants' reproduction of Pusheen's copyrighted character and image on t-shirts marketed, sold, and distributed by them infringes on Pusheen's intellectual property rights. Pusheen seeks injunctive relief, damages, and attorneys' fees. Pusheen made Maker and Target aware of the infringing nature of the item in question, but Maker and Target nevertheless chose to continue to sell and distribute the infringing item.

## THE PARTIES

1.      Plaintiff Pusheen Corp. is an Illinois corporation, with its principal place of business at 104 Main Street, Park Ridge, Illinois 60068.

2.      Upon information and belief, Defendant MakerWear, Inc. is a corporation formed under the laws of Delaware, with its principal place of business located at 1912 21st Avenue South, Suite 200, Nashville, Tennessee 37212.

3.      Upon information and belief, Defendant Target Corporation is a corporation formed under the laws of Minnesota, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, because it alleges violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*

5.      This Court has personal jurisdiction over Defendants because they regularly transact business in the State of Illinois, ship their products into the State of Illinois, target advertising to the State of Illinois and prospective consumers here, and generate substantial revenue from online sales of t-shirts and other merchandise to consumers in the State of Illinois to whom Defendants market these products through their highly interactive, commercial web sites.  The Court also enjoys personal jurisdiction over Defendants because this dispute arises out of Defendants' intentionally tortious conduct—namely, willfully and deliberately infringing Pusheen's intellectual property after receiving notice of such infringement—such that Defendants have specifically targeted and injured Pusheen, who resides in this judicial district.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district

and has harmed Pusheen's intellectual property located in this judicial district, and under

28 U.S.C. § 1391(c) because Defendants reside in this judicial district because they are subject to

personal jurisdiction here.

**FACTUAL ALLEGATIONS**

**A.      The Iconic Pusheen Character**

7.      Pusheen is the creator of the immensely popular "Pusheen the Cat" character that

features a distinctive cat engaged in a variety of daily activities. Through hundreds of images

created over the course of several years, "Pusheen the Cat" has developed into a unique character

with a distinctive personality. Following is a brief biography for "Pusheen the Cat" appearing in

the book, "I Am Pusheen the Cat."



8.      "Pusheen the Cat" has been portrayed in a wide variety of positions and contexts.

Following are just a couple of examples of the numerous unique images of "Pusheen the Cat":





3

9. Pusheen owns the exclusive rights under the Copyright Act to the "Pusheen the Cat" character and images. Pusheen registers works embodying the "Pusheen the Cat" character and images with the United State Copyright Office, including the book "I Am Pusheen the Cat" (Reg. No. TX 7-881-226), and the "Pusheen the Cat 2015 Wall Calendar" (Reg. No. TX -7-956-574). True and correct copies of the Certificates of Registration for each of these works are attached hereto as Exhibits A and B, respectively.

10. The "Pusheen the Cat" character has gained a substantial following both in the United States and internationally, amassing nearly 9 million fans on Facebook, 104,000 followers on Twitter, and 70,000 followers on Instagram.

11. Pusheen has received media coverage in a wide range of outlets, including for example, InStyle Magazine ("What's Right Meow: Meet the Internet's Most Famous Kitty, Pusheen the Cat", April 2, 2014, Kelsey Glein); Siliconrepublic ("Gigglebit: Pusheen's Christmas to-do list", December 16, 2014, Elaine Burke); The Daily Dot ("The Morning GIF: Olympic Gold", August 1, 2012, Lorraine Murphy); and The Guardian ("CatCon 2015: eight things we discovered at first-ever ComicCon for feline lovers", June 7, 2015, Stephen Krcmar).

12. Pusheen has developed several different lines of media properties, in addition to its own website (pusheen.com), including digital "stickers," books, and calendars.

13. Pusheen has also developed Pusheen-branded merchandise and accessories, such as backpacks, plush toys, t-shirts, and other clothing items. These items are available both online and offline at various retail locations.

14. Pusheen invests significant time, energy and resources in crafting and building its brand and the recognition of its character, and in merchandising its products, both in the United States and abroad. An integral part of these efforts include developing a carefully chosen

network of licensees that support and protect the quality (and personality) of the "Pusheen the Cat" character and brand.

**B.     Maker and Target and Their Infringing Actions**

15.     Maker is a Tennessee-based company that describes itself as a "curated crowd sourcing" platform that curates designs submitted by users, turns such designs into various products, including hats, t-shirts, and rucksacks, and "puts [the products] on the shelves of brick-n-mortar stores."

16.     Maker's website advises that its products are "[e]xclusively available at every Target store nationwide."

17.     Target is a large retailing company that sells a wide range of household goods and merchandise both online and offline in its almost 2,000 retail stores in the United States.

18.     It recently came to Pusheen's attention that Maker had developed and that Target was selling a t-shirt featuring one of the iconic "Pusheen the Cat" images, or a nearly identical version of it (the "Infringing Image"). A side-by-side comparison of the Infringing Image and two "Pusheen the Cat" images appears below:





19.     Pusheen brought the issue to Maker's and Target's attention via correspondence. The CEO of Maker advised via email that the infringement was "a completely innocent mistake". Nevertheless, neither Maker nor Target ceased selling and distributing the products bearing the Infringing Image, which sale and distribution, upon information and belief, continues as of the filing of this Complaint.

20.     In addition to exploiting the copyrighted "Pusheen the Cat" images without permission, the inclusion of the infringing product in Target stores caused and continues to cause Pusheen significant brand harm. Consumers ascribed the simplistic design and caption on the infringing product to Pusheen, which lowered Pusheen's estimation in the eyes of its fan base.

21.     Defendants' actions, and their refusal to cease their infringing conduct, have forced Pusheen to pursue this action to protect its intellectual property rights.

## FIRST CAUSE OF ACTION

### (Copyright Infringement, 17 U.S.C. § 101, *et seq.*)

### (Against All Defendants)

22.     Pusheen realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 21 above.

23.     The "Pusheen the Cat" images constitute original works of authorship and copyrightable subject matter under the laws of the United States.

24.     Pusheen is the sole owner of all exclusive rights in and to the "Pusheen the Cat" images and the corresponding Certificates of Registration.

25.     Defendants have copied, created derivative works of, distributed copies to the public, and/or displayed publicly the "Pusheen the Cat" images without the consent or authority of Pusheen, thereby directly infringing Pusheen's exclusive rights under the Copyright Act.

26.     The foregoing acts of Defendants constitute infringement of Pusheen's exclusive rights, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27.     Defendants' actions are intentional, willful, wanton, and performed in disregard of Pusheen's rights.

28.     Pusheen is entitled to injunctive relief pursuant to 17 U.S.C. § 502. Pusheen has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Pusheen's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' continued infringement—despite Pusheen's repeated demands to cease their infringement—harms Pusheen such that Pusheen could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Pusheen, is continuing.

29.     Pusheen has been and will continue to be damaged, and Defendants have been unjustly enriched, by Defendants' unlawful infringement of Pusheen's copyrights in an amount to be proven at trial.

30.     Alternatively, Pusheen is entitled to statutory damages under 17 U.S.C. § 504(c).

31.     In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

32.     Pusheen is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

### (Against Defendant MakerWear, Inc.)

33.     Pusheen realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 32 above.

34.     Defendant Maker's users have copied, reproduced, prepared derivative works from, distributed to the public and/or publicly displayed, or otherwise infringed the "Pusheen the Cat" images without Pusheen's consent, thereby directly infringing Pusheen's copyrights.

35.     Defendant Maker has engaged and continues to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to the unauthorized copying, reproduction, preparation of derivative works from, distribution of copies to the public and/or public display of the "Pusheen the Cat" images by Defendant's users and thus to the direct infringement of Pusheen's copyrights.

36.     Defendant Maker's conduct constitutes contributory infringement of Pusheen's copyrights and exclusive rights under copyright in the "Pusheen the Cat" images in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

37.     Defendant Maker's actions were and are intentional, willful, wanton and performed in disregard of Pusheen's rights.

38.     Pusheen has been and will continue to be damaged, and Defendant has been unjustly enriched, by Defendant's unlawful infringement of the copyrighted "Pusheen the Cat" images in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Pusheen respectfully requests judgment be entered in its favor and against Defendants, as follows:

1.     A permanent injunction enjoining and restraining Defendants, and all persons or entities acting in concert with them, during the pendency of this action and thereafter perpetually from copying, creating derivative works from, distributing copies of and/or publicly displaying the "Pusheen the Cat" images;

2.     An award of damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law;

3.     An award to Pusheen of its costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by law;

4.     An order under 17 U.S.C § 503(b) requiring Defendants (A) to impound, on such terms as the Court may deem reasonable, (i) all copies claimed to have been made or used in violation of the exclusive rights of Pusheen; (ii) all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced; and (iii) all records documenting the manufacture, sale, or receipt of things involved in any such violation, provided that any records seized shall be taken into the custody of the Court; and (B) to destroy, or otherwise reasonably dispose of, all copies found to have been made or used in violation of Pusheen's exclusive rights, and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced; and

5.     Such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Pusheen

Corporation demands trial by jury in this action of all issues so triable.

Dated this 20th day of August, 2015.


Respectfully Submitted,

DELANEY LAW                                      FOCAL PLLC

/s/ William J. Delaney                           /s/ Venkat Balasubramani
/s/ Cynthia M. Rote                              /s/ Stacia N. Lay
William J. Delaney                               Venkat Balasubramani, WSBA #28269
Cynthia M. Rote                                  Stacia N. Lay, WSBA #30594
444 North Wabash Ave., Third Floor               800 Fifth Avenue, Suite 4100
Chicago, Illinois 60611                          Seattle, Washington 98104
Tel: (312) 276-0263                              Tel: (206) 529-4827
Fax: (312) 873-4465                              Fax: (206) 260-3966
Email: bill@delaney-law.com                      Email: venkat@focallaw.com
Email: cindy@delaney-law.com                     Email: stacia@focallaw.com

                                                 *Pro hac vice application filings in progress*

*Attorneys for Plaintiff Pusheen Corp.*